NOT DESIGNATED FOR PUBLICATION

No. 114,550

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES H. DYE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed June 17, 2016.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam*: James H. Dye appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Dye's motion for summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response asking this court to affirm the district court's decision. For the reasons set forth in this opinion, we affirm.

On February 11, 2014, Dye pled guilty to one count of forgery and one count of possession of methamphetamine. At a sentencing hearing held on March 26, 2014, the district court granted Dye's motion for a downward dispositional departure. Accordingly, Dye was sentenced to 12 months of probation with an underlying 51-month prison sentence.

1

On July 9, 2014, Dye signed a waiver of rights to contest an alleged probation violation and consented to a 2-day jail sanction after submitting a urine sample that tested positive for methamphetamine. About 5 months later, on December 3, 2014, the State filed a probation violation warrant alleging that Dye had once again submitted a urine sample that tested positive for methamphetamine. At the probation revocation hearing held on December 18, 2014, Dye admitted to violating the terms of his probation. Based on Dye's admission, the district court determined that Dye had failed to refrain from using drugs. As a result, the district court revoked and reinstated Dye's probation, extended it for 6 months, and ordered him to serve a 120-day prison sanction.

On May 6, 2015, the State alleged that Dye had violated the terms of his probation by: (1) submitting yet another urine sample that tested positive for methamphetamine; (2) failing to enter and successfully complete a required class; and (3) failing to successfully complete substance abuse treatment. At the probation revocation hearing held on May 26, 2015, Dye admitted to violating his probation as alleged in the warrant.

As a result of Dye's violations, the district court revoked his probation and ordered him to serve a modified 40-month prison sentence. At the hearing, the district court explained that doing otherwise would not be "a good risk to society." Moreover, in the journal entry entered by the district court, it found "that intermediate sanctions did not work." Thereafter, on May 27, 2015, Dye filed a notice of appeal.

On appeal, Dye admits, however, that a district court has discretion to revoke probation upon a showing that a defendant violated the terms of his or her probation. Nevertheless, he contends that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Probation from a sentence is an act of grace by the sentencing judge, and, unless otherwise required by law, the sentencing judge grants it as a privilege, not as a matter of

2

right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Based on our review of the record, we find that the district court's decision to revoke Dye's probation was not arbitrary, fanciful, or unreasonable. Furthermore, it also was not based on an error of fact or law. We, therefore, affirm the district court's decision revoking Dye's probation and imposing a modified prison sentence.

Affirmed.